IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | I N D I C T M E N T |
| | ) | |
| v. | ) | CASE NO. 1:20 CR 206 |
| | ) | Title 18, United States Code, |
| JUWANDA C. SHANKLIN, | ) | Sections 2, 641, 1001, 1343, and |
| KAREN L. PARKER, | ) | 1349; Title 42, United States |
| | ) | Code, Sections 1383a(a)(1) and |
| Defendants. | ) | 1383a(a)(3) |

JUDGE PEARSON

GENERAL ALLEGATIONS

At all times material and relevant to this Indictment:

1. From on or about January 1, 2006 to on or about February 28, 2017, Defendants JUWANDA C. SHANKLIN and KAREN L. PARKER resided together in the Northern District of Ohio, Eastern Division.

2. SHANKLIN and PARKER were married on November 14, 2016.

Housing Choice Voucher Program Benefits

3. The United States Department of Housing and Urban Development ("HUD") was an independent agency of the United States within the United States government that administered programs under the U.S. Housing Act of 1937. Among the provisions of this Act is the Housing Choice Voucher Program ("HCVP"), Title 42, United States Code, Section 1437f, which provides for financial assistance payments for low-income families so that they may obtain quality housing in the private market. HUD provides funds to allow Public Housing Authorities ("PHA"s), such as the Cuyahoga Metropolitan Housing Authority ("CMHA"), to

make housing assistance payments on behalf of eligible families. HUD also pays the PHA a fee for the costs of administering the program.

4. After a low-income family is selected by the PHA to participate in the HCVP and has located a reasonable dwelling, the landlord and the voucher holder execute a rental agreement, while the landlord and PHA execute a Housing Assistance Payment ("HAP") contract. Both the rental agreement and Housing Assistance Payment contract must identify by name the family members who will reside in the rental unit. Further, the Housing Assistance Payment contract states no one may reside in the unit without the approval of the PHA. A landlord may not reside in a unit for which the landlord receives CMHA payments.

5. Having previously been accepted into the HCVP, SHANKLIN began to receive subsidized housing benefits from CMHA, a PHA, on or about October 7, 1998. On or about August 23, 2000, SHANKLIN began to reside at a residence located on E. 109th Street in Cleveland, Ohio ("109th Street Residence").

6. On or about December 22, 2005, PARKER purchased the 109th Street Residence and lived there with SHANKLIN.

7. From on or about July 17, 2017 through May 3, 2019, PARKER contracted with CMHA to receive HAP payments on behalf of tenant, M.B., named but not charged herein, who resided at 1614 E. 71st Street in Cleveland, Ohio. PARKER was ineligible to receive HAP payments for this address because she violated CMHA rules and regulations of the HCVP related to the 109th Street Residence.

Supplemental Security Income Benefits

8. The Social Security Administration ("SSA") was an independent agency of the United States within the United States Government that administered programs under the Social

Security Act, Title 42, United States Code, Section 301, et seq. These programs included Supplemental Security Income ("SSI") for the Aged, Blind, and Disabled and related programs under Title XVI of this Act.

9. The SSI program paid monthly cash benefits to individuals who had been found by SSA to be medically disabled and who have been found by SSA to be eligible for SSI on the basis of financial need, as determined in relation to both income and resources, as defined by the Act. Eligibility and the amount of benefit depended upon: (1) how much other income the beneficiary received; (2) the beneficiary's living arrangements; and (3) other circumstances affecting the beneficiary's financial needs. Eligibility for SSI was conditioned on the beneficiary providing complete and accurate information to SSA regarding income and living arrangements, both at the time of application and on an ongoing basis.

10. B.J., SHANKLIN'S grandmother, named but not charged herein, died on or about August 22, 2007. At the time of her death and before, B.J. received SSI benefits directly deposited by SSA into checking account numbered xxxxx5231 ("Chase Bank Account") that she jointly owned with SHANKLIN held at JPMorgan Chase Bank, a financial institution.

COUNT 1
(Conspiracy to Commit Wire Fraud, 18 U.S.C. § 1349)

The Grand Jury charges:

11. Paragraphs 1 to 9 of the General Allegations are incorporated by reference herein.

12. On or about January 1, 2006 to on or about February 28, 2017, in the Northern District of Ohio, Eastern Division and elsewhere, Defendants JUWANDA C. SHANKLIN and KAREN L. PARKER knowingly combined, conspired, confederated, and agreed together, and with each other, to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and to transmit or cause to be transmitted, by means of

wire communication in interstate and foreign commerce, writings, signs, signals, pictures and sounds for the purposes of executing such scheme and artifice and attempting to do so, in violation of Title 18, United States Code, Section 1343, all in violation of Title 18, United States Code, Section 1349.

## Purpose and Object

13. It was the purpose and object of the conspiracy that SHANKLIN and PARKER fraudulently obtain housing assistance payments from CMHA that they would have otherwise not been eligible to receive.

## Manner and Means

14. It was part of the conspiracy that:

    A. SHANKLIN and PARKER concealed and failed to disclose that they were married and resided together and provided false statements and representations to CMHA.

    B. As a result of their concealment and false representations, CMHA paid SHANKLIN and PARKER monthly housing assistance payments they were not entitled to receive based on their co-habitation.

    C. CMHA paid PARKER a total of $73,689 directly deposited from its PNC bank account ending in x5238 into PARKER'S Century Federal Credit Union account ending in x6504 and x7815.

## Acts in Furtherance of the Conspiracy

15. In furtherance of the conspiracy, and to affect the object and conceal the existence thereof, SHANKLIN and PARKER performed acts in the Northern District of Ohio, Eastern Division and elsewhere, including, but not limited to, the following:

4

A. On or about December 28, 2005, PARKER signed and submitted to CMHA a Landlord Certification for the 109th Street Residence and listed SHANKLIN as the tenant. PARKER certified that she was the owner of the property and that she understood that she was not permitted to live in the unit while she received assistance payments.

B. On May 21, 2013, SHANKLIN signed and submitted to CMHA a Participant Recertification Assessment and failed to disclose the following:

　　i. PARKER resided at 109th Street,

　　ii. SHANKLIN unlawfully received monthly SSI benefits intended for B.J., and

　　iii. SHANKLIN owned and accessed funds held in the Chase Bank Account.

C. On July 8, 2014, SHANKLIN signed and submitted to CMHA a Participant Recertification Assessment and failed to disclose the following:

　　i. PARKER resided at 109th Street,

　　ii. SHANKLIN unlawfully received monthly SSI benefits intended for B.J., and

　　iii. SHANKLIN owned and accessed funds held in the Chase Bank Account.

D. On March 27, 2015, SHANKLIN signed and submitted to CMHA a Participant Recertification Assessment and failed to disclose the following:

　　i. PARKER resided at 109th Street,

　　ii. SHANKLIN unlawfully received monthly SSI benefits intended for B.J., and

　　iii. SHANKLIN owned and accessed funds held in the Chase Bank Account.

    E. On May 11, 2016, SHANKLIN signed and submitted to CMHA a Participant Recertification Assessment and failed to disclose the following:

        i. PARKER resided at 109th Street,

        ii. SHANKLIN unlawfully received monthly SSI benefits intended for B.J., and

        iii. SHANKLIN owned and accessed funds held in the Chase Bank Account.

All in violation of Title 18, United States Code, Section 1349.

## COUNTS 2-3
(Wire Fraud, 18 U.S.C. § 1343 and 2)

The Grand Jury further charges:

16. The General Allegations in paragraphs 1-9 are incorporated by reference herein.

17. On or about the dates set forth below, in the Northern District of Ohio, Eastern Division and elsewhere, Defendants JUWANDA C. SHANKLIN and KAREN L. PARKER did devise and intend to devise a scheme and artifice to defraud CMHA by making false representations, and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises.

18. It was part of the scheme that SHANKLIN and PARKER received money from CMHA in the form of housing assistance payments by making materially false and misleading statements including but not limited to the following:

    A. On or about December 28, 2005, PARKER signed and submitted to CMHA a Landlord Certification for the 109th Street Residence and listed SHANKLIN as the tenant. PARKER certified that she was the owner of the property and that she understood that she was not permitted to live in the unit while she received assistance payments.

B. On May 21, 2013, SHANKLIN signed and submitted to CMHA a Participant Recertification Assessment and failed to disclose the following:
   i. PARKER resided at the 109th Street Residence,
   ii. SHANKLIN unlawfully received monthly SSI benefits intended for B.J., and
   iii. SHANKLIN owned and accessed funds held in the Chase Bank Account.

C. On July 8, 2014, SHANKLIN signed and submitted to CMHA a Participant Recertification Assessment and failed to disclose the following:
   i. PARKER resided at the 109th Street Residence,
   ii. SHANKLIN unlawfully received monthly SSI benefits intended for B.J., and
   iii. SHANKLIN owned and accessed funds held in the Chase Bank Account.

D. On March 27, 2015, SHANKLIN signed and submitted to CMHA a Participant Recertification Assessment and failed to disclose the following:
   i. PARKER resided at the 109th Street Residence,
   ii. SHANKLIN unlawfully received monthly SSI benefits intended for B.J., and
   iii. SHANKLIN owned and accessed funds held in the Chase Bank Account.

E. On May 11, 2016, SHANKLIN signed and submitted to CMHA a Participant Recertification Assessment and failed to disclose the following:
   i. PARKER resided at 109th Street,
   ii. SHANKLIN unlawfully received monthly SSI benefits intended for B.J., and

        iii. SHANKLIN owned and accessed funds held in the Chase Bank Account.

19. For the purpose of executing the scheme described above, knowingly caused to be transmitted in interstate commerce by means of a wire communication from PNC Bank in Pittsburgh, Pennsylvania to Century Federal Credit Union in Cleveland, Ohio, certain writings, signs, and signals, namely, wire funds transfers of housing assistance payments described below for each count, each transmission constituting a separate count:

| COUNT | DATE | AMOUNT |
| --- | --- | --- |
| 2 | 04/03/15 | $733.00 |
| 3 | 06/03/16 | $733.00 |

All in violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT 4
(Theft of Government Property, 18 U.S.C. § 641 and 2)

The Grand Jury further charges:

20. The General Allegations in paragraphs 1-9 are incorporated by reference herein.

21. From on or about January 1, 2006 to on or about February 28, 2017, in the Northern District of Ohio, Eastern Division, Defendants JUWANDA C. SHANKLIN and KAREN L. PARKER, in a continuing course of conduct, willfully and knowingly did steal, purloin and convert to their own use, without authority, dispose of property of the United States exceeding $1,000.00 in value, belonging to the United States HUD, an agency of the United States, to wit: housing assistance payments benefits for the 109th Street Residence, in the amount of approximately $73,689, in violation of Title 18, United States Code, Sections 641 and 2.

## COUNT 5
(Theft of Government Property, 18 U.S.C. § 641)

The Grand Jury further charges:

8

22. The General Allegations in paragraphs 1-9 are incorporated by reference herein.

23. From on or about July 17, 2017 to on or about May 3, 2019, in the Northern District of Ohio, Eastern Division, Defendant KAREN L. PARKER, in a continuing course of conduct, willfully and knowingly did steal, purloin and convert to her own use, without authority, dispose of property of the United States exceeding $1,000.00 in value, belonging to the United States HUD, an agency of the United States, to wit: housing assistance payments benefits for the 1614 East 71st Street Residence, in the amount of approximately $10,969, in violation of Title 18, United States Code, Section 641.

## COUNT 6
(False Statement, 18 U.S.C. § 1001(a))

The Grand Jury further charges:

24. The General Allegations in paragraphs 1-9 are incorporated by reference herein.

25. On or about March 27, 2015, in the Northern District of Ohio, Eastern Division, Defendant JUWANDA C. SHANKLIN unlawfully, willfully and knowingly, in a matter within the jurisdiction of the executive branch of the United States, specifically, the United States HUD, falsified, concealed, and covered up by trick, scheme, and device material facts, and further made materially false, fictitious, and fraudulent statements and representations, to wit: SHANKLIN submitted a CMHA Participant Recertification Assessment in which she certified that Parker did not reside at the 109th Street Residence, that SHANKLIN did not receive monthly SSI benefits intended for B.J., and that SHANKLIN did not own and access funds held in the Chase Bank Account when she then and there knew that Parker resided at the 109th Street Residence, that SHANKLIN received monthly SSI benefits intended for B.J., and that SHANKLIN did own and access funds held in the Chase Bank Account, all in violation of Title 18, United States Code, Section 1001(a).

COUNT 7
(False Statement, 18 U.S.C. § 1001(a))

The Grand Jury further charges:

26. The General Allegations in paragraphs 1-9 are incorporated by reference herein.

27. On or about May 11, 2016, in the Northern District of Ohio, Eastern Division, Defendant JUWANDA C. SHANKLIN unlawfully, willfully and knowingly, in a matter within the jurisdiction of the executive branch of the United States, specifically, the United States HUD, falsified, concealed, and covered up by trick, scheme, and device material facts, and further made materially false, fictitious, and fraudulent statements and representations, to wit: SHANKLIN submitted a CMHA Participant Recertification Assessment in which she certified that Parker did not reside at the 109th Street Residence, that SHANKLIN did not receive monthly SSI benefits intended for B.J., and that SHANKLIN did not own and access funds held in the Chase Bank Account when she then and there knew that Parker resided at the 109th Street Residence, that SHANKLIN received monthly SSI benefits intended for B.J., and that SHANKLIN did own and access funds held in the Chase Bank Account, all in violation of Title 18, United States Code, Section 1001(a).

COUNT 8
(Theft of Government Property, 18 U.S.C. § 641)

The Grand Jury further charges:

28. The General Allegations in paragraphs 1-9 are incorporated by reference herein.

29. From in or around September 2007 to in or around April 2018, in the Northern District of Ohio, Eastern Division, Defendant JUWANDA C. SHANKLIN, in a continuing course of conduct, willfully and knowingly did steal, purloin and convert to her own use, without authority, dispose of property of the United States exceeding $1,000.00 in value, belonging to the

United States Social Security Administration, an agency of the United States, to wit: SSI benefits, in the amount of approximately $89,312.87, in violation of Title 18, United States Code, Section 641.

## COUNT 9
(SSI Fraud - False Statement, 42 U.S.C. § 1383a(a)(1))

The Grand Jury further charges:

30. The General Allegations in paragraphs 1-9 are incorporated by reference herein.

31. On or about November 10, 2015, in the Northern District of Ohio, Eastern Division, Defendant JUWANDA C. SHANKLIN knowingly and willfully made a false statement and representation of material fact for use by the Social Security Administration in determining rights to Social Security SSI benefit payments, to wit: SHANKLIN answered, "I do not receive any other type of income" on an Application Summary for SSI when, in truth and in fact and as SHANKLIN well knew at the time she completed the application, she received SSI benefits intended for her deceased grandmother, B.J., all in violation of Title 42, United States Code, Section 1383a(a)(1).

## COUNT 10
(SSI Fraud - Knowing Concealment, 42 U.S.C. § 1383a(a)(3))

The Grand Jury further charges:

32. The General Allegations in paragraphs 1-9 are incorporated by reference herein.

33. From on or about November 10, 2015 to on or about April 2018, in the Northern District of Ohio, Eastern Division, Defendant JUWANDA C. SHANKLIN, in a matter within the jurisdiction of the Social Security Administration, having knowledge of the occurrence of an event affecting her initial or continued right to payment of Title XVI Supplemental Security Income benefits, concealed and failed to disclose such event with the intent fraudulently to

secure payment in an amount greater than was due her, or when no payment was authorized, to wit: on an Application Summary for SSI, SHANKLIN concealed from the Social Security Administration that she received SSI benefits intended for her deceased grandmother, B.J., in order to deceive the Social Security Administration into making benefit payments when she was otherwise ineligible to receive such payments all in violation of Title 42, United States Code, Section 1383a(a)(3).

A TRUE BILL.

Original document - Signatures on file with the Clerk of Courts, pursuant to the E-Government Act of 2002.